UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VINCENT TIFER,

     Plaintiff,

v.
                                   Case No.: 8:19-cv-44-EAK-CPT

THE NEW YORK LIFE INSURANCE
COMPANY,

     Defendant.

## ORDER

Plaintiff Vincent Tifer sues Defendant The New York Life Insurance Company ("**New York Life**") for breach of contract (Count I) and breach of fiduciary duty (Count II). (Doc. 1-1). New York Life moves to dismiss Tifer's claim for breach of fiduciary duty. (Doc. 7). Tifer opposes. (Doc. 8). The Court will grant the motion. The dismissal will be without prejudice.

## I.    Background

Tifer is the named insured under an individual disability income policy issued by New York Life (the "**Policy**"). (Doc. 1-1 at 3 ¶4). Tifer attached a copy of the Policy to the complaint. Id. at 9–42. The Policy became effective December 8, 1994. Id. at 3 ¶5. The Policy's benefits period ended on December 19, 2018. Id. at 4 ¶8.

On May 31, 1996, Tifer became permanently disabled and thereby eligible for benefits under the Policy. Id. at 4 ¶6. Tifer has paid all premiums and satisfied all other conditions for eligibility for the full amount of benefits payable under the Policy.

Id. at 4 ¶9. Tifer began to receive monthly payments under the Policy on August 29, 1996. Id. at 4 ¶7. However, over the life of the Policy, New York Life failed to pay Tifer all amounts due and owing to him. Id. at 4 ¶¶11, 14–15. In total, Tifer seeks to recover over $1.2 million in underpaid benefits from New York Life. Id. at 8.

Tifer initiated this action by filing a civil complaint against New York Life in Florida state court on November 16, 2018. (Doc. 1-1 at 3–8). New York Life subsequently removed the action to this Court on January 7, 2019. (Doc. 1). Tifer doesn't challenge the Court's subject matter jurisdiction, and the Court is satisfied it properly exercises diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.

New York Life filed its motion to dismiss on January 24, 2019. (Doc. 7). By the motion, New York life requests the Court issue an order dismissing only Tifer's claim for breach of fiduciary duty. Id. As grounds, New York Life argues Florida law doesn't recognize a fiduciary duty from an insurer to a first-party insured. Id. Tifer disagrees and counters that, although New York Life "correctly state[s] the general rule, there are exceptions, and the question of whether an insurer owes a fiduciary duty to a first-party insured is an issue of fact" not susceptible to determination on a motion to dismiss. (Doc. 8 at 2).

## II.  **Legal Standard**

Rule 8 requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12 permits a district court to dismiss a complaint for "failure to state a claim upon which relief

can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a plaintiff must state a claim that is "plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The district court must accept all factual allegations in the complaint as true but doesn't credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." <u>Id.</u> Additionally, dismissal is warranted under Rule 12(b)(6) if, assuming the truth of the complaint's factual allegations, a dispositive legal issue precludes relief. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326–27 (1989).

## III. <u>Discussion</u>

To state a claim for breach of fiduciary duty, a plaintiff must allege facts, accepted as true, that allow the Court to draw the reasonable inference that: (1) the defendant owed a fiduciary duty to the plaintiff; (2) the defendant breached that duty; and (3) the plaintiff suffered damages proximately caused by the defendant's breach. <u>See</u> <u>Gracey v. Eaker</u>, 837 So.2d 348, 353 (Fla. 2002). Multiple judges in this District, carefully considering pertinent Florida precedent, have concluded, seemingly without exception, that Florida common law recognizes *no* fiduciary relation between a first-party insured and his insurer. <u>See, e.g.</u>, <u>Drilling Consultants, Inc. v. First Montauk Sec. Corp.</u>, 806 F. Supp. 2d 1228, 1238 (M.D. Fla. 2011) (Merryday, J.) ("Florida law typically recognizes no fiduciary relation between an insurer and an insured.");

Grandrimo v. Parkcrest Harbour Island Condo. Ass'n, Inc., No. 8:10-cv-964-JDW-MAP, 2011 WL 550579, at *4 (M.D. Fla. Feb. 9, 2011) (Whittemore, J.) ("[I]nsurers have no common law fiduciary duty to an insured making claims under a first-party insurance contract."); Hogan v. Provident Life & Acc. Ins. Co., No. 6:08-cv-1897-PCF-KRS, 2009 WL 2169850, at *4 (M.D. Fla. July 20, 2009) (Fawsett, J.) ("As explained by Florida's Supreme Court, [a common law breach of fiduciary duty] claim is the equivalent of a common law bad faith claim, and Florida does not recognize a common law first-party bad faith cause of action because there is no fiduciary relationship between an insurer and an insured in this context.") (citing Time Ins. Co. v. Burger, 712 So. 2d 389, 391 (Fla. 1998)).

However, one judge in this District, in a more recent decision, found this view of Florida's jurisprudence on fiduciary relations between insurers and their first-party insureds to be "oversimplified." Asokan v. Am. Gen. Life Ins. Co., 302 F. Supp. 3d 1303, 1316 (M.D. Fla. 2017) (Byron, J.) (citing Berges v. Infinity Ins., 896 So.2d 665, 672 (Fla. 2004) ("It has long been the law of this State that an insurer owes a duty of good faith to its insured.")). In Asokan, Judge Byron rejected arguments similar to those levied by New York Life here and declined the defendant-insurer's invitation to grant summary judgment in its favor on the plaintiff-insured's breach of fiduciary duty claim in the first-party context. Id. at 1316–17. Judge Byron explained that "a fiduciary relationship will exist between" a first-party insured and his insurer "where there is a special relation of trust and confidence between the parties." Id. at 1317

(citing <u>Tiara Condo. Ass'n, Inc. v. Marsh, USA, Inc.</u>, 991 F. Supp. 2d 1271, 1281 (S.D. Fla. 2014) (Huley, J.) ("[W]hen an insurance broker encourages and engages in a 'special relationship' with its client, [it triggers] an enhanced duty of care to advise the client about the coverage."); 14 Couch on Ins. § 198:7 ("The relationship between the parties determines the extent of the duties owed to the insured.")).  "Relevant factors that aid in the determination of whether a 'special relationship' exists include the extent of the insurance company's involvement in the client's decision to purchase insurance, and whether the insurance company held itself out as having expertise in the field and the insured relied upon that expertise."  <u>Id.</u> (citing <u>Am. K–9 Detection Servs., Inc. v. Rutherford Int'l, Inc.</u>, No. 6:14-cv-1988-RBD-TBS, 2016 WL 2744958, at *13 (M.D. Fla. May 11, 2016) (Dalton, J.)).  In the end, Judge Byron concluded that whether the insurer owed a fiduciary duty to its insured "is a question of fact for the jury" and denied the insurer's motion for summary judgment.  <u>Id.</u> (citations omitted).

Even assuming, without deciding, that <u>Asokan</u> correctly states the law on an insurer's common law fiduciary duty to a first-party insured,[1] Count II of Tifer's complaint is nonetheless due to be dismissed.  Tifer's complaint contains no factual allegations that would permit the Court to reasonably infer the existence of a "special

---

[1]  The Court notes that the decisions in <u>Asokan</u>, <u>Drilling Consultants, Inc.</u>, <u>Grandrimo</u>, and <u>Hogan</u> may be distinguishable on their facts, as two of those decisions concerned an arms-length sale of an insurance policy, while the other two concerned the administration of benefits under an insurance policy after a claim on the policy had been made.  The parties' failed to brief these likely important factual nuances.

relationship" between Tifer and New York Life. To be sure, Tifer fails to allege facts concerning the extent of New York Life's involvement in his decision to purchase disability income insurance coverage, and whether New York Life held itself out as having expertise in the field, and, moreover, that Tifer relied upon that expertise in making his decision to purchase coverage. In the response to the motion to dismiss, Tifer attempts to expound upon New York Life's expertise, Tifer's own reliance on the same, and other facts surrounding Tifer's purchase of disability income insurance coverage from and his relations with New York Life. (Doc. 8 at 6–7). Whether these assertions – again, assuming a common law fiduciary duty between an insurer and a first-party insured even exists under Florida law – would move Tifer's allegations across the line from implausible to plausible is of no moment, however, because a plaintiff cannot amend his complaint through a response to a motion to dismiss. Grandrimo, 2011 WL 550579, at *5. Therefore, Tifer fails to state a claim upon which relief can be granted, and the Court will dismiss Count II of Tifer's complaint.[2]

## IV.  Conclusion

Accordingly, it is **ORDERED** that New York Life's Motion to Dismiss, (Doc. 7), is **GRANTED**.  Tifer's claim for breach of fiduciary duty (Count II) is

---

[2] Although the Court doubts Tifer's ability to bring a common law breach of fiduciary duty claim – both generally and in lieu of a statutory bad faith claim pursuant to § 624.155, Fla. Stat., see United Property and Cas. Ins. Co. v. Chernick, 94 So. 3d 646, 647 (Fla. 4th DCA 2012) (finding an insured may not circumvent the statutory requirements of § 624.155, Fla. Stat., by bringing a common law claim) – in an abundance of caution the Court will permit Tifer one opportunity to replead. The Court awaits further, more robust briefing on these issues.

**DISMISSED** without prejudice to Tifer's right to file an amended complaint that plausibly states a claim for relief. Any amended complaint shall be filed within fourteen (14) days of the date of this Order.

**ORDERED** in Chambers, in Tampa, Florida, this 18th day of July, 2019.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record